E-FILED
Wednesday, 18 September, 2019  03:14:01 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MAHOGANY TURNER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:19-cv-2248** |
| | ) | |
| **Police Officer Kay Thompson, sued in her** | ) | |
| **official and individual capacities and the** | ) | **JURY DEMAND** |
| **City of Champaign,** | ) | |
| **Defendants.** | ) | |

## CIVIL RIGHTS COMPLAINT

NOW COMES, Mahogany Turner, the above referenced Plaintiff, by her attorney, Alfred D. Ivy, III, pursuant to 42 U.S.C., Section 1983, the Fourth Amendment and the Eighth Amendment of the United States Constitution, and for her Complaint against the above referenced Defendants, and in support thereof Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This is a federal civil action brought pursuant to 42 U.S.C., Section 1983, the Fourth Amendment and the Eighth Amendment of the United States Constitution to redress deprivation of Plaintiff's rights to be free from all forms of excessive punishment and abuse.

2. Plaintiffs at all times relevant to this cause of action was a citizen of the United States of America, resident of Champaign County, Illinois.

3. Defendant City of Champaign is legally responsible for the operation of the Police Department for the City of Champaign, hiring, training and administration of all Police Department personnel, including Defendant Officer Kay Thompson, and for insuring the health, safety and welfare of all persons who encounter its officers.

4. Defendant Officer Kay Thompson is a police officer employed by the Police Department of the City of Champaign and was assigned to duty in the City of Champaign during all dates/times relevant to this cause of action.

5. All events giving rise to this cause of action occurred in the City of Champaign, Champaign County, Illinois.

6. The amount in controversy is in excess of $75,000.00.

7. Plaintiff demands trial by jury on all issues raised herein.

## **FACTUAL BASIS**

8. On or about September 19, 2018 at approximately 3:30pm in the afternoon, Plaintiff Mahogany Turner was at her home located 801 MaplePark Drive in Champaign, Illinois.

9. On the above date and time, Plaintiff Turner was leaving her residence, when without warning, cause or provocation, Plaintiff was forcefully grabbed from behind by Defendant Officer Kay Thompson.

10. Defendant Officer Kay Thompson twisted Plaintiff Turner's arm behind her back and slammed Plaintiff Turner against the side of her house.

11. Defendant Thompson held Plaintiff Turner in this position until Plaintiff screamed out in pain.

12. Plaintiff was not alleged to have broken to any laws, not placed under formal arrest or charged with any criminal offense

13. As a direct result of Defendant Thompson' actions, Plaintiff sustained numerous injuries and bruises to her person, and was left in severe pain.

14. Upon information and belief the actions alleged herein were captured on body camera video and are maintained in the exclusive possession of Defendant City of Champaign Police Department.

15. Plaintiff Turner filed a formal grievance against Defendant Officer Kay Thompson and the official copy of Plaintiff's complaint is maintained in the exclusive possession of Defendant Police Department of the City of Champaign.

16. Plaintiff Turner was also interviewed by officers from City of Champaign Police Department regarding the actions of Defendant Officer Kay Thompson.

17. Upon information and belief Plaintiff Turner's interview was video recorded with the only copies of said interview remaining in the exclusive possession of City of Champaign Police Department.

18. Upon information and belief, Defendant City of Champaign was aware of previous incidents of abuse perpetrated by Defendant Officer Kay Thompson and failed to take steps to train and prevent future acts of abuse by Defendant Officer Kay Thompson, or to protect persons similarly situated as Plaintiff.

### Count 1 – VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C., SECTION 1983 – Excessive Force (KAY THOMPSON)

19. Plaintiff realleges and incorporates by reference paragraphs 1-18 as though they were fully restated herein.

20. In committing the acts complained of herein, Defendant Kay Thompson acted under color of state law in that Defendant Kay Thompson was a duly appointed City of Champaign police officer and employed as such at the time, date and place where the incidents Plaintiff complained of occurred.

21. Defendant Kay Thompson's actions of twisting Plaintiff's arm and slamming Plaintiff against a house deprived Plaintiff of her constitutionally protected rights under the Fourth and Eighth Amendments to not be subjected to use of excessive force.

22. Defendant Kay Thompson acted intentionally, knowingly, recklessly, and excessively when Defendant Thompson subdued, restrained, detained, and falsely apprehended Plaintiff without any reasonable justification or probable cause.

23. Defendant's expression of force and seizure were perpetrated against Plaintiff's will and without Plaintiff's consent.

24. Defendant Thompson's acts were the direct and proximate cause of Plaintiff's bruises, pain and injuries to Plaintiff's person.

25. The conduct of Defendant Thompson was willful, malicious, oppressive and reckless, and was of such an egregious nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff Mahogany Turner demands compensatory and punitive damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), from the defendant Kay Thompson, plus costs, attorneys fees and whatever additional relief this Court deems just and equitable.

**Count 2 – VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C., SECTION 1983 – Unlawful Seizure (KAY THOMPSON)**

26. Plaintiff realleges and incorporates by reference paragraphs 1-18 as though they were fully restated herein.

27. In committing the acts complained of herein, Defendant Kay Thompson acted under color of state law in that Defendant Kay Thompson was a duly appointed City of Champaign police officer and employed as such at the time, date and place where the incidents Plaintiff complained of occurred.

28. Defendant Kay Thompson's actions of twisting Plaintiff's arm and slamming Plaintiff against a house deprived Plaintiff of her constitutionally protected rights under the Fourth and Eighth Amendments to not be subjected to unlawful seizure.

29. Defendant Kay Thompson acted intentionally, knowingly, recklessly, and excessively when Defendant Thompson subdued, restrained, detained, and falsely apprehended Plaintiff without any reasonable justification or probable cause.

30. Defendant's expression of force and seizure were perpetrated against Plaintiff's will and without Plaintiff's consent.

31. Defendant Thompson's acts were the direct and proximate cause of Plaintiff's bruises, pain and injuries to Plaintiff's person.

32. The conduct of Defendant Thompson was willful, malicious, oppressive and reckless, and was of such an egregious nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff Mahogany Turner demands compensatory and punitive damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), from the

defendant Kay Thompson, plus costs, attorneys fees and whatever additional relief this Court deems just and equitable.

### Count 3 - STATE LAW CLAIM FOR BATTERY ( KAY THOMPSON)

27. Plaintiff realleges and incorporates by reference paragraphs 1-18 as though they were fully restated herein.

33. Defendant Kay Thompson knowingly and without legal justification caused bodily harm to Plaintiff when she twisted Plaintiff's arm and slammed Plaintiff against a house, thereby constituting battery under Illinois law.

34. Defendant's actions were done against Plaintiff's will, without Plaintiff's consent and were harmful and offensive.

28. Defendant Thompson's acts were the direct and proximate cause of Plaintiff's bruises, pain and injuries to Plaintiff's person.

WHEREFORE, Plaintiff Mahogany Turner demands compensatory and punitive damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), from the defendant Kay Thompson, plus costs, attorneys fees and whatever additional relief this Court deems just and equitable.

### Count 4 - STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT KAY THOMPSON

29. Plaintiff repeats and realleges paragraphs 1-18 as if fully set forth herein.

30. Defendant Kay Thompson intentionally engaged in extreme and outrageous behavior against Plaintiff Mahogany Turner by menacing Plaintiff, threatening Plaintiff, slamming Plaintiff against her house, and twisting Plaintiff's arm in an extreme and violent manner.

31.  Defendant Kay Thompson is liable for this intentional infliction of emotional distress because it was proximately caused by her actions as set forth above.

32. Defendant's outrageous behavior caused Mahogany Turner to suffer severe emotional distress, including anxiety, fear, anger, depression and humiliation and the injuries set forth above.

29. the City of Champaign pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff Mahogany Turner demands compensatory and punitive damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), from the defendant City of Champaign, plus costs, attorneys fees and whatever additional relief this Court deems just and equitable.

## Count 5 - STATE LAW CLAIM FOR FALSE IMPRISONMENT AGAINST DEFENDANT KAY THOMPSON

30. Plaintiff repeats and realleges paragraphs 1-18 as if fully set forth herein.

31. Defendant Kay Thompson falsely imprisoned plaintiff without reasonable or probable cause when Defendant Thompson grabbed Plaintiff, twisted Plaintiff's arms and pinned Plaintiff against her house.

32.  Defendant Kay Thompson is liable for this false imprisonment because it was proximately caused by her unlawful actions as set forth above.

33. Defendant's false imprisonment of Mahogany Turner did not end until Plaintiff Turner screamed out in pain.

34. During this period, Defendant Kay Thompson knew she had unlawfully and wrongfully imprisoned Plaintiff

35. As a result of the wrongful acts of Defendant Thompson in falsely imprisoning Plaintiff Turner, Plaintiff suffered injuries and damages as set forth above.

WHEREFORE, Plaintiff Mahogany Turner demands compensatory and punitive damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), from the defendant City of Champaign, plus costs, attorneys fees and whatever additional relief this Court deems just and equitable.

## Count 6 - VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C., SECTION 1983 – Failure to Train and Supervise (CITY OF CHAMPAIGN)

22. Plaintiff realleges and incorporates by reference paragraphs 1-18 as though they were fully restated herein.

23. Defendant City of Champaign implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, allowing employees of the City of Champaign's Police Department to use excessive force without legal justification.

24. The failure of Defendant City of Champaign County, to adequately train and supervise Defendant Thompson amounts to deliberate indifference to the right of Plaintiff Turner to be free from excessive force under the Fourth and Eighth to the Constitution of the United States.

25. As a result of this deliberate indifference to Plaintiff Turner's constitutional rights, Plaintiff suffered personal injuries and is therefore entitled to relief under 42 U.S.C., Section 1983.

26. In committing the acts complained of herein, Defendant City of Champaign acted under the color of state law to deprive Plaintiff Turner as alleged herein of certain constitutionally protected rights to be free from the excessive use of force by persons acting under color of state law and the right to just compensation for any injuries resulting therefore.

WHEREFORE, Plaintiff Mahogany Turner demands compensatory and punitive damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), from the defendant Kay Thompson, plus costs, attorneys fees and whatever additional relief this Court deems just and equitable.

## Count 7 - STATE LAW CLAIM FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT CITY OF CHAMPAIGN

36. Plaintiff realleges and incorporates by reference paragraphs 1-18 as though they were fully restated herein.

37. Defendant Kay Thompson was at all times relevant to this action an employee, officer and agent of the defendant City of Champaign.

38. Defendant Kay Thompson was acting within the scope of her employment when she engaged in the actions described in this complaint.

39. Therefore, all of the individual defendants' acts and omissions are directly chargeable to the City of Champaign pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff Mahogany Turner demands compensatory and punitive damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), from the defendant City of Champaign, plus costs, attorneys fees and whatever additional relief this Court deems just and equitable.

## Count 8 - STATE LAW CLAIM UNDER 745 ILCS 10/9-102 AGAINST DEFENDANT CITY OF CHAMPAIGN

40. Plaintiff repeats and realleges paragraphs 1-18 as if fully set forth herein.
41. Defendant City of Champaign was at all times relevant to this action the employer of defendant Kay Thompson.
42. Defendant Kay Thompson committed the acts alleged in this complaint in the course and within the scope of her employment with the City of Champaign.

WHEREFORE, Plaintiff Mahogany Turner demands compensatory and punitive damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), from the defendant City of Champaign, plus costs, attorneys fees and whatever additional relief this Court deems just and equitable.

## PRAYER FOR RELIEF and JURY DEMAND

WHEREFORE, Plaintiff Mahogany Turner respectfully requests that this Honorable Court review his claims and enter orders that:

A. Defendants be served by the U.S. Marshall and ordered to file an answer within the time allotted by law.

B.  Judgment be rendered in favor of Plaintiff and against Defendants on all counts asserted herein.

C.  Plaintiff be awarded compensatory damages for her physical injuries, pain and suffering and mental anguish.

D.  Plaintiff be awarded punitive damages against Defendants.

E.  Plaintiff be awarded reasonable expenses incurred in this litigation, including her reasonable attorney's fees, expert fees, costs of suit and other reasonable litigation expenses, pursuant to 42 U.S.C., Section 1988(b) and (c).

F.  Requiring Defendants to work with Plaintiff and other community members to develop training and policies to increase racial sensitivity, cultural awareness, de-escalation strategies and reasonable methods of interacting with a diverse public.

G.  A written letter of apology to Plaintiff to be published in all newspapers in general circulation in the City of Champaign.

H.  Plaintiff receive any other relief to which she may be entitled.

I.  Plaintiff be granted a jury trial in this matter.

Respectfully submitted
**Mahogany Turner,**
Plaintiff

s/ Alfred D. Ivy, III
Alfred D. Ivy, III
Attorney for Plaintiff

Alfred D. Ivy, III, #6277701
Attorney for Plaintiff
P.O. Box 21038
611 West 63rd Street
Chicago, Illinois 60621
(217) 480-4893 cell
lawmba1@gmail.com